1

**LAW OFFICES OF JOHN BENEDICT**

2
John Benedict, Esq.
Nevada Bar No. 005581

3
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123

4
Telephone: (702) 333-3770
Facsimile: (702) 361-3685

5
Email: john.benedict.esq@gmail.com

6

Attorney for Plaintiff MICHELLE KAFFKO

7

8

9
## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

10

| | |
|---|---|
| MICHELLE KAFFKO, individually and on behalf of a class of similarly situated individuals, | Case No. |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| v. | |
| QUEPASA CORPORATION, a Nevada corporation, | |
| Defendant. | |

11

12

13

14

15

16

17

18

19

20
## CLASS ACTION COMPLAINT

21
Plaintiff Michelle Kaffko ("Plaintiff" or "Kaffko") brings this class action complaint

22
against Defendant Quepasa Corporation ("Defendant" or "Quepasa") to stop Defendant's

23
practice of making unsolicited text message calls to cellular telephones, and to obtain redress

24
for all persons injured by its conduct.  Plaintiff, for her class action complaint, alleges as

25
follows upon personal knowledge as to herself and her own acts and experiences, and, as to

26
all other matters, upon information and belief, including investigation conducted by her

27
attorneys.

28

**NATURE OF THE CASE**

1.     Wireless spam is a growing problem in the United States.  According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."  In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."  Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010) at http://pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx.

2.     In one such effort to promote its social networking website and services, Quepasa, a social media company focused on Latin audiences, engaged in an especially pernicious form of marketing: the unauthorized transmission of advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

3.     By effectuating these unauthorized text message calls (hereinafter, "wireless spam"), Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

4.     In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

5.     On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

1

## PARTIES

2  6.    Plaintiff is a resident of Illinois.

3  7.    Defendant Quepasa is a Nevada corporation that maintains its principal place

4  of business in Florida.  An international social media company, Defendant does business

5  throughout the United States, including this district.

6  ## JURISDICTION & VENUE

7  8.    The Court has subject matter jurisdiction over this action pursuant to 28

8  U.S.C. § 1332 (d), because (a) at least one member of the putative class is a citizen of a state

9  different from the Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of

10  interest and costs, and (c) none of the exceptions under that subsection apply to this action.

11  9.    This Court has personal jurisdiction over the Defendant because Defendant is

12  a Nevada corporation.

13  10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because

14  Defendant resides in this district and/or a substantial part of the events concerning the

15  wireless spam at issue occurred in this district.

16  ## COMMON ALLEGATIONS OF FACT

17  11.    In recent years, marketers who often have felt stymied by federal laws

18  limiting solicitation by telephone, facsimile machine, and e-mail have increasingly looked to

19  alternative technologies through which to send bulk solicitations cheaply.

20  12.    One of the newest types of such bulk marketing is to advertise through Short

21  Message Services.  The term "Short Message Service" or "SMS" is a messaging system that

22  allows cellular telephone subscribers to use their cellular telephones to send and receive short

23  text messages, usually limited to 160 characters.

24  13.    An "SMS message" is a text message call directed to a wireless device

25  through the use of the telephone number assigned to the device.  When an SMS message call

26  is successfully made, the recipient's cell phone rings, alerting him or her that a call is being

27

28

1    received.  As cellular telephones are inherently mobile and are frequently carried on their

2    owners' person, calls to cellular telephones, including SMS messages, may be received by

3    the called party virtually anywhere worldwide.

4         14.    Unlike more conventional advertisements, wireless spam can actually cost its

5    recipients money because cell phone users must frequently pay their respective wireless

6    service providers either for each text message call they receive, or incur a usage allocation

7    deduction to their text plan, regardless of whether or not the message is authorized.

8         15.    Over the course of an extended period beginning in at least 2008, Defendant

9    directed the mass transmission of wireless spam to the cell phones nationwide of what it

10   hoped were potential customers of Defendant's products.

11        16.    For instance, on or about August 19, 2008, Plaintiff's cell phone rang,

12   indicating that a text call was being received.

13        17.    The "from" field of such transmission was identified cryptically as "79545,"

14   which is an abbreviated telephone number known as an SMS short code that was licensed

15   and operated by Defendant's agents.  The body of such text message read:

16

17
            QUEPASA.COM INVITES YOU TO DOWNLOAD A FREE
            GAME OF YOUR CHOICE, JUST SEND OK TO 79545
            TO ENJOY YOUR GAME AND HAVE SOME FUN!
18

19        18.    The use of an SMS short code by Defendant and/or its agents enabled

20   Defendant's mass transmission of wireless spam to a list of cellular telephone numbers.

21        19.    On information and belief, Plaintiff has received subsequent spam text

22   messages from Defendant and/or its agents in knowing violation of Plaintiff's privacy.

23        20.    At no time did Plaintiff consent to the receipt of the above-referenced text

24   message or any other such spam text message advertisement from Defendant.

25                    **CLASS ACTION ALLEGATIONS**

26        21.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure

27

28
                                    4

23(b)(2) and Rule 23(b)(3) on behalf of herself and a class (the "Class") defined as follows: all persons in the United States and its Territories who received one or more unauthorized text message advertisements on behalf of Quepasa.

22.     In order to make its *en masse* transmission of text message advertisements economical, Defendant used lists of thousands of cellular telephone numbers of consumers. As such, the Class consists of thousands of individuals and other entities, making joinder impractical.

23.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

24.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

25.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in transmitting the wireless spam at issue, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class.

26.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the transmission of the wireless spam alleged herein. Plaintiff and the other Class members have all suffered harm and damages as a result of

1    Defendant's unlawful and wrongful conduct as a result of the transmission of the wireless

2    spam.

3         27.    There are many questions of law and fact common to the claims of Plaintiff

4    and the other members of the Class, and those questions predominate over any questions that

5    may affect individual members of the Class.  Common questions for the Class include but are

6    not limited to the following:

7         (a)    whether Defendant and/or its agents sent one or more text messages to
                 the Class members;

8         (b)    whether the text messages sent by or on behalf of Defendant violate
9                the TCPA;

10        (c)    whether Defendant and/or its agents used an automatic telephone
                 dialing system to transmit the text messages at issue;

11        (d)    whether Defendant's conduct violated the Class members' respective
12               rights to privacy; and

13        (e)    whether Defendant's conduct was willful such that the Class members
                 are entitled to treble damages.

14                          **FIRST CAUSE OF ACTION**
15        **(Violation of the TCPA, 47 U.S.C. § 227, *et seq.*: On behalf of the Class)**

16        28.    Plaintiff incorporates by reference the foregoing allegations as if fully set

17   forth herein.

18        29.    Defendant made unsolicited commercial text calls, including the message in

19   paragraph 17, to the wireless telephone numbers of the Class.  Each such text message call

20   was made using equipment that had the capacity to store or produce telephone numbers to be

21   called, using a random or sequential number generator and to dial such numbers.  By using

22   such equipment, Defendant was able to effectively send text messages simultaneously to lists

23   of thousands of consumers' wireless telephone numbers without human intervention.

24        30.    These text calls were made *en masse* through the use of a short code and

25   without the prior express consent of the Plaintiff and the other members of the Class to

26   receive such wireless spam.

27        31.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii).  As a result

28

1  of Defendant's conduct, the members of the class suffered actual damages by having to pay

2  their respective wireless carriers for the text messages where applicable and, under section

3  227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each

4  violation of such act.

5       32.    Because Defendant had knowledge that Plaintiff and the Class did not consent

6  to the receipt of the aforementioned wireless spam, the Court should, pursuant to section 47

7  U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff

8  and the other members of the Class.

9       WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for the following

10  relief:

11            1.    An order certifying the Class as defined above;

12            2.    An award of actual and/or statutory damages;

13            3.    An injunction requiring Defendant to cease all wireless spam

14                activities;

15            4.    An award of reasonable attorneys' fees and costs; and

16            5.    Such further and other relief the Court deems reasonable and just.

17                           **JURY DEMAND**

18       Plaintiff requests trial by jury of all claims that can be so tried.

19                           Respectfully submitted,

20  Dated:  August 3, 2011            **LAW OFFICES OF JOHN BENEDICT**

21

22                           By:

23                             John Benedict, Esq.

                           Law Offices of John Benedict

24                           Nevada Bar No. 005581

                           2190 E. Pebble Road, Suite 260

25                           Las Vegas, Nevada 89123

                           Telephone: (702) 333-3770

26                           Facsimile: (702) 361-3685

                           Email: john.benedict.esq@gmail.com

27

28

                                    7