**LAW OFFICES OF JOHN BENEDICT**
John Benedict, Esq.
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685
Email: john.benedict.esq@gmail.com

Attorney for Plaintiff MICHELLE KAFFKO

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE KAFFKO, individually and on behalf of a class of similarly situated individuals,<br><br>                Plaintiff,<br><br>v.<br><br>QUEPASA CORPORATION, a Nevada corporation,<br><br>                Defendant. | Case No. 2:11-cv-1253<br><br>**NOTICE OF SUBPOENA TO BINBIT, INC.**<br><br>Judge: Hon. James C. Mahan |

1  PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that
2  Plaintiff Michelle Kaffko, in the above-captioned matter intends to serve a ***Subpoena to***
3  ***Produce Documents, Information, or Objects or to Permit Inspection of Premises***, in the
4  forms attached hereto, on **Binbit, Inc.** on September 9, 2011, or as soon thereafter as service
5  may be effectuated.

6

7  Dated: September 9, 2011

  **MICHELLE KAFFKO**, individually and on
8  behalf of a class of similarly situated
  individuals
9

10

11  /s/  John Benedict
  [Plaintiff's Counsel]
12
  **LAW OFFICES OF JOHN BENEDICT**
13  John Benedict, Esq.
  Nevada Bar No. 005581
14  2190 E. Pebble Road, Suite 260
  Las Vegas, Nevada 89123
15  Telephone: (702) 333-3770
  Facsimile: (702) 361-3685
16  Email: john.benedict.esq@gmail.com
17

18  Attorneys for Plaintiff
  MICHELLE KAFFKO
19

20

21

22

23

24

25

26

27

28

NOTICE OF SUBPOENA                                      Case No. 11-cv-1253 JM

2

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I served the foregoing via email and United States First Class Mail, postage prepaid, and addressed to the following counsel of record on September 9, 2011.

Irwin R. Gilbert
Email: igilbert@bizlit.net
Gilbert Yarnell
11000 Prosperity Farms Road
Suite 205
Palm Beach Gardens, FL 33410

Robert W. Hernquist
Email: rhernquist@lionelsawyer.com
Todd E. Kennedy
Email: tkennedy@lionelsawyer.com
Lionel Sawyer & Collins
300 S. Fourth St.
Suite 1700
Las Vegas, NV 89101

/s/ John Benedict

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | | |
|---|---|---|
| Michelle Kaffko | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 11-cv-1253 |
| Quepasa, Corp. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of Nevada ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Binbit, Inc. c/o Luis Agramunt, 7928 East Drive, #901 North Bay Village, FL 33141

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Schedule

| Place: See attached Schedule | Date and Time: |
|---|---|
| | 09/23/2011 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 09/09/2011

*CLERK OF COURT*

OR

_____     /s/ John Benedict
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Plaintiff Michelle Kaffko
_____, who issues or requests this subpoena, are:

John Benedict, Esq., 2190 Pebble Road, Suite 260
Las Vegas, NV 89123
phone: 702-333-3770  email: john.benedict.esq@gmail.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 11-cv-1253

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ___40.00___ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Issued by

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF FLORIDA SOUTHERN DIVISION

| | |
|---|---|
| MICHELLE KAFFKO, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>QUEPASA CORPORATION, a Nevada corporation,<br><br>　　　　　　　　　Defendant. | Case No. 2:11-cv-1253<br><br>**SCHEDULE TO SUBPOENA OF BINBIT, INC.**<br><br>Judge: Hon. James C. Mahan |

## SCHEDULE TO SUBPOENA TO BINBIT, INC.

Pursuant to the provisions of Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Michelle Kaffko requests that you cause to be delivered all of the following documents that are in your possession, custody or control, including documents within the possession, custody or control of your officers, agents, attorneys, or employees, to the following persons by 5:00 p.m. on September 23, 2011:

| John Benedict, Esq.<br>Law Offices of John Benedict<br>2190 E. Pebble Rd. Suite 260<br>Las Vegas, NV 89123 | Clerk of the Court<br>Wilkie D. Ferguson, Jr. United States Courthouse<br>400 N. Miami Ave.<br>Miami, FL 33128 |
|---|---|

1

## DEFINITIONS

"AND" as well as "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside its scope.

"ANY" and "ALL" shall be construed to include "each" and "each and every."

"CELLULAR TELEPHONE" shall mean cellular telephone, cell phone, mobile phone, wireless device, or wireless telephone.

"CONTENT" shall mean the letters, words, and characters appearing as text in the body of a Text Message.

"DELIVERY STATUS" shall mean the state of transmission of the Text Messages (i.e., whether delivery of the Text Message to the Cellular Telephone occurred or whether such delivery failed).

"DOCUMENT" or "DOCUMENTS" shall mean any writings, letters, telegrams, memoranda, Correspondence, email messages, memoranda or notes of conferences or telephone conversations, reports, studies, lists, compilations of data, papers, books, records, contracts, deeds, leases, agreements, pictures, photographs, transcripts, tapes, microfilm, computer data files, printouts, accounting statements, mechanical and electrical recordings, checks, pleadings, and other tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic, or other magnetic or electrical impulses or other form of communication is recorded, stored or produced, including audio and video recordings and electronically-stored information (including but not limited to e-mails, web pages, Websites, computer discs, computer programs and computer files, including, where applicable, compiled and uncompiled source code), whether

or not in printout form. These terms shall also mean copies of Documents even though the originals are not in your possession, custody or control; every copy of a Document which contains handwritten or other notations or which otherwise does not duplicate the original of any other copy; all attachments to any Document; and any other Document, item and/or information discoverable under federal law and procedure, including, without limitation, the items referenced in Federal Rule of Civil Procedure 34(a)(1).

"ELECTRONICALLY STORED INFORMATION" or "ESI" as used herein, means and refers to computer generated information or data, of any kind, stored on computers, file servers, disks, tape or other devices or media, or otherwise evidenced by recording on some storage media, whether real virtual, or cloud based.

"QUEPASA" means or refers to Quepasa Corporation and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all persons acting or purporting to act on behalf of any of them.

"REGARDING" or "RELATE TO" means discussing, mentioning, addressing, referring to, analyzing, comprising, underlying, memorializing, describing, or showing the subject indicated.

"TEXT MESSAGE" or "TEXT MESSAGE CALL" shall mean a text message, text message call, text call, text message advertisement, SMS message, Short Message Service, SMS message call, SMS communication, SMS spam, spam text message, or commercial text call.

"THIRD-PARTY" shall mean the entity that owns, licenses, procures or is otherwise assigned a Shortcode and has the right to transmit Text Messages using such Shortcode through Binbit for delivery to the Cellular Telephones of end-users.

"YOU," "YOUR," or "BINBIT" means or refers to Binbit, Inc. and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all persons acting or purporting to act on behalf of any of them.

The singular includes the plural number and vice versa. The past tense includes the present tense where the clear meaning is not distorted by change of tense. The particularity or generality of any single discovery request shall not limit any other discovery request.

Where a request addresses acts or omissions of any entity, it shall be construed and interpreted to apply to the acts or omissions of that entity and the acts or omissions of that entity's employees, assigns, contractors, and any other agent of that entity.

All other terms shall be construed as necessary to bring within the scope of these requests any information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

Please call the attorney issuing this Subpoena (John Benedict) at 702-333-3770, or email him at john.benedict.esq@gmail.com at your earliest convenience. The intent is to avoid or minimize unnecessary expenses or burdens on the respondent. Minimizing expenses and/or burdens will require early and cooperative communication.

If You object to producing a Document and/or electronically stored information because of a privilege, You must provide the following information:

(1) the nature of the privilege claimed, including work product;

(2) if the privilege is being asserted in connection with a claim or defense governed by law, the privilege rule being invoked;

(3) the date of the Document and/or electronically stored information;

(4) the Document's type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material, including, where appropriate, the author, the addressee, and the relationship between the author and addressee; and

(5) the general subject matter of the Document and/or electronically stored information.

If the request is objected to on the basis that the time period covered by the request is irrelevant, burdensome, or otherwise inappropriate, state what time period You consider proper for that request, and answer the request for that time period, preserving Your objection to the remainder of the time period.

If You choose to provide in electronic media or machine-readable form (such as computer disk, cartridge, tape, punch cards, or other non-printed media) any Documents or other materials in Your answer, You must provide all information and things necessary for Plaintiff to fully access, read, and decode into plain English text all data and files so provided. Nothing in this Subpoena should be construed to request premium text messages.

All electronic Documents, file systems, digital media and electronically stored information are to be produced in their respective native formats with all associated metadata intact and, if such electronic Documents or electronically stored information are no longer available in their native formats for any reason, please identify the reasons such native format Documents are no longer so available and the dates each such Document became unavailable.

All Documents are to be produced in the form, order, and manner in which they are maintained in Your files. Documents are to be produced in the folders, cartons, or containers in which they have been maintained, stored, clipped, stapled, or otherwise arranged in the same

form and manner in which they were found and in such a manner that the office and location from which they were produced is readily identifiable. Whenever a Document (as defined) or group of Documents is taken out of a file folder, file drawer, file box, or notebook, before the same is produced, attach thereto a copy of the label on the file folder, file box, or notebook from which the Document or group of Documents was removed.

If any Document requested has been lost or destroyed since its creation, identify the nature of the Document (e.g. letter, email, etc.), the date of the Document, the Persons who sent and received the original and any copy of the Document, a summary of the content of the Document, and describe when, where, how, and by whom said Document was lost or destroyed, and state the name of the Person(s) who last had custody thereof.

## **DOCUMENTS REQUESTED**

DOCUMENT REQUEST NO. 1

All Documents and ESI Related To All Text Messages sent by You or on Your behalf using the Shortcode "79545" containing the term "Quepasa" from January 1, 2008 to the present. All Documents produced in response to this request shall identify the following:

    a. the date of transmission of the Text Message(s)

    b. the Third-Party assigned the Shortcode;

    c. the Content of the Text Message(s);

    d. the Cellular Telephone number(s) to which the Text Message(s) were sent;

    e. the Delivery Status of the Text Message(s) sent.

DOCUMENT REQUEST NO. 2

All Documents and ESI Related To or referencing the company Quepasa and/or any of its products or services. This Document Request includes but is not limited to:

     a. All Documents and correspondence between You and Quepasa concerning the transmission of Text Messages; and

     b. All contracts, agreements, or understandings between You and Quepasa.

DOCUMENT REQUEST NO. 3

All Documents and ESI identifying any Persons You contracted with to send Text Messages on Your behalf from Shortcode 79545, including but not limited to any cellular telephone company, aggregator, or other intermediary.

Dated: September 9, 2011            Respectfully Submitted,

                                             MICHELLE KAFFKO, individually and on behalf of a class of similarly situated individuals

                                             BY:  /s/ John Benedict
                                                            One of her attorneys

**LAW OFFICES OF JOHN BENEDICT**
John Benedict, Esq.
Nevada Bar No. 005581
2190 E. Pebble Road, Suite 260
Las Vegas, Nevada 89123
Telephone: (702) 333-3770
Facsimile: (702) 361-3685
Email: john.benedict.esq@gmail.com

Attorney for Plaintiff MICHELLE KAFFKO