UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHELLE KAFFKO,

    Plaintiff,

v.

QUEPASA CORPORATION,

    Defendant.

2:11-cv-01253-JCM -LRL

**O R D E R**

Before the court is defendant Quepasa Corporation's Emergency Motion to Quash Subpoenas Issued by Plaintiff to Non-Parties Binbit, Inc. and Neustar, Inc. (#17). Plaintiff Michelle Kaffko filed an Opposition (#19), and defendant filed a Reply (#22).

Plaintiff Kaffko filed a class action complaint on August 3, 2011, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, which prohibits unsolicited voice and text calls to cell phones (#1). Plaintiff contends that "by effectuating unauthorized text message calls, [d]efendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam." *Id.* In her complaint, plaintiff Kaffko seeks an injunction in addition to actual and/or statutory damages. *Id.*

Defendant Quepasa denies sending any text messages to plaintiff, and asserts that it has never utilized a device, *i.e.* "short codes," that would allow it to send spam to unauthorized cell phones. (#17). In preliminary discussions regarding the case, the plaintiff indicated that a company called BinBit, Inc. is currently assigned the short code that allegedly transmitted the text message ("79545"), and that Neustar, Inc. is the company that maintains a registry of short code numbers and the assigned users. (#19 Exhibit E). Allegedly, both plaintiff and defendant desired information from these

companies regarding whether or not defendant Quepasa sent the text message in question, was ever assigned the short code used, or ever hired BinBit to transmit the text.  Thus, after allegedly having an agreement with defendant to do so, plaintiff sent subpoenas to both companies.  Defendant contends that the subpoenas were improper and should be quashed.

**Background**

After reviewing the complaint and investigating the allegations therein, on August 8, 2011, defendant Quepasa sent a letter to the plaintiff asserting that she failed to state a claim under 47 U.S.C. § 227. (#19 Exhibit A).  In support of this contention, defendant stated that "Quepasa only sends text messages to numbers registered by visitors to the Quepasa.com website," and that it "has never had the capacity to generate phone numbers randomly or sequentially." *Id.*  Subsequently, on August 16, 2011, defendant faxed a letter to plaintiff, indicating that "in order to prepare a responsive pleading," it would need certain information relating to plaintiff's cell phone. (#19 Exhibit B).

Plaintiff agreed to disclose her telephone number and service provider, but insisted that once defendant "confirmed that [she] was sent the text message(s)" and/or whether she gave prior express consent to receive the text message, that it forward any documentation confirming this.  (#19 Exhibit C).  On August 26, 2011, defendant emailed plaintiff, stating that it needed an additional 25 days to further investigate and prepare a responsive pleading, and requesting the actual electronic file from plaintiff's phone.  (#19 Exhibit D).  Plaintiff sent an email informing defendant that a company called BinBit, Inc. currently owned the short code, and agreeing to the 25-day extension, "provided (1) [defendant] agrees to produce any contract it had with BinBit during the relevant period; and (2) [defendant] consents to [p]laintiff issuing two subpoenas in advance of the parties' Rule 26(f) conference."  (#19 Exhibit E).

Plaintiff explained to defendant that it desired to subpoena both BinBit, Inc. and Neustar, Inc. a/k/a the Common Short Code Administration, the entity which licenses short codes in the United States.  *Id.*  Thereafter, defendant drafted a "Motion for Enlargement of Time to Respond to Complaint and To Allow Discovery from Two Non-Parties" and emailed it to the plaintiff.  (#19 Exhibit G).

Within the proposed motion, the parties sought the 25-day extension and informed the court that the "parties have agreed that certain discovery [prior to a rule 26 conference] would facilitate the response to this complaint by providing both the [p]laintiff and the [d]efendant with the opportunity to subpoena information from two non-parties regarding the text message..." *Id.*

However, this motion was never filed because the defendant was concerned with filing a motion that sought two forms of relief. (#19 Exhibit H). Therefore, defendant revised its motion to seek only an enlargement of time, and notified plaintiff on August 30, 2011, that "[she] may, of course, with [its] agreement, file a motion with the court to serve subpoenas now, notwithstanding the Rule 26, as [they] discussed." *Id.* Later that day, defendant advised plaintiff that it was filing the motion for enlargement of time (#10). (#17-3 Exhibit C). Additionally, defendant stated that plaintiff should "send...a proposal" if she desired to file a motion to allow discovery outside Rule 26, but that it was the "local practice to not do motions when there is an agreement[,] but instead[,] to do a stipulation of the parties which the court signs as an order at the bottom." *Id.* Thereafter, plaintiff filed a non-opposition (#11) to defendant's motion, and the court granted the motion on September 2, 2011 (#12).

On September 9, 2011, plaintiff emailed notices of the subpoenas for Neustar and BinBit to defendant Quepasa. (#19 Exhibit J). Defendant, allegedly unhappy with the issuance of the subpoenas, tried to meet and confer with plaintiff regarding the issue. (#17). After several failed attempts, defendant asserts that it was forced to file the present motion to quash the subpoenas (#17) on September 15, 2011. (#18).

**Motion To Quash**

Defendant contends that the subpoenas should be quashed because there was no written stipulation as required by Rule 26(d)(1) for their issuance prior to a discovery conference; plaintiff failed to provide prior notice of the subpoenas as required by Rule 45(b)(1); and the subpoenas are unduly burdensome under Rule 45(c), because they seek irrelevant information. (#17).

**A.    Stipulation To Issue Subpoenas**

Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from

3

any source before the parties have conferred as required by Rule 26(f), except...when authorized by these rules, *by stipulation*, or by court order." (emphasis added). Plaintiff contends that the parties had an agreement to issue the subpoenas, as evidenced by the emails between them (#19 Exhibits A-H). The court agrees, and finds that a reasonable inference can be drawn from both the emails and the drafted motion, that the parties had an agreement regarding the 25-day extension and the issuing of the two-subpoenas prior to the discovery conference. (#19 Exhibit G)("the parties have agreed that certain discovery [prior to a rule 26 conference] would facilitate the response to this complaint by providing both the [p]laintiff and the [d]efendant with the opportunity to subpoena information from two non-parties regarding the text message..."). Although it is apparent from the emails (#17-3 Exhibit C) that the parties were under the impression that they were required to file a motion in order to conduct discovery outside the Rule 26 time limits, as discussed below, this could be accomplished by agreement between the parties without the court's approval.

Under Local Rule 7-1(b), "[n]o stipulations relating to proceedings before the court except those set forth in Fed. R. Civ. P. 29 shall be effective until approved by the court. Any stipulation that would interfere with any time set for completion of discovery, for hearing of a motion, or for trial, may be made only with the approval of the court."  Here, the stipulation regarding the subpoenas would not interfere with the completion of discovery, a hearing on a motion, or a trial. Therefore, the question remaining is whether the stipulation is among those that do not require the court's approval as provided in Rule 29. Pursuant to Rule 29(b), "[u]nless the court orders otherwise, the *parties* may stipulate that: other procedures governing or limiting discovery be modified -- but a stipulation extending the time for any form of discovery must have court approval *if* it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b) (emphasis added).

As previously stated, the stipulation here would not interfere with discovery, a hearing, or trial. The stipulation in question does, however, deal with modifying "procedures governing...discovery," because it pertains to the issuance of subpoenas prior to a discovery conference, which is a normally conducted discovery procedure. Thus, pursuant to LR 7-1(b) and Fed. R. Civ. P. 29(b), the parties here

4

were able to, and did, stipulate without the court's approval. Therefore, the plaintiff did not violate the requirements of Rule 26(d)(1), because it had defendant's authority to issue the subpoenas pursuant to the agreement of the parties. Fed. R. Civ. P. 26(d)(1).

### B.    Notice Required By Rule 45(b)(1)

Pertinent to this motion, Rule 45(b)(1) provides that "[i]f the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then *before* it is served, a notice must be served on each party." (Emphasis added). Here, the subpoenas request the production of documents and electronically stored information from both non-parties. Thus, prior notice to the defendant is required.

In its motion, defendant argues that it was not properly notified prior to the non-parties being served. Defendant concedes (#17), however, that on September 9, 2011, it received, via email and regular mail, notices of subpoenas for both BinBit and Neustar (#19 Exhibit I). According to plaintiff's counsel's declaration, service of the subpoena on Neustar was effectuated by LaSalle Process Servers on September 16, 2011, and service on BinBit had not yet been effectuated as of the date of filing the opposition. (#19 Exhibit 1). Therefore, plaintiff did comply with Rule 45(b)(1), by providing notice to defendant *prior* to serving the subpoenas on the non-parties.

### C.    Unduly Burdensome Under Rule 45(c)

A party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c). The court may impose sanctions on the issuing party who fails to comply with this rule. *Id.* Here, the defendant asserts that the subpoenas are unduly burdensome because they seek information that is irrelevant to the present complaint, and that sanctions are appropriate. (#17). This court disagrees.

The subpoena issued to BinBit requests:

> DOCUMENT REQUEST NO. 1
>
> All Documents and ESI Related To All Text Messages sent by You or on Your behalf using the Shortcode "79545" containing the term "Quepasa" from January 1, 2008 to the present. All Documents produced in response

to this request shall identify the following:

    a. the date of transmission of the Text Message(s)
    b. the Third-Party assigned the Shortcode;
    c. the Content of the Text Message(s);
    d. the Cellular Telephone number(s) to which the Text Message(s) were sent;
    e. the Delivery Status of the Text Message(s) sent.

DOCUMENT REQUEST NO. 2

All documents and ESI Related to or referencing the company Quepasa and/or any of its products or services. This Document Request includes but is not limited to:

    a. All Documents and correspondence between You and Quepasa concerning the transmission of Text Messages; and
    b. All contracts, agreements, or understandings between You and Quepasa.

DOCUMENT REQUEST NO. 3

All documents and ESI identifying any Persons You contracted with to send Text Messages on Your behalf from Shortcode 79545, including but not limited to any cellular telephone company, aggregator, or other intermediary.

(#17-1 Exhibit A).

    The subpoena issued to Neustar requests:

DOCUMENT REQUEST NO. 1

All Documents in Your possession and/or control that constitutes, manifests, contains, incorporates, reflects, pertains, indicates, discusses, mentions, and/or concerns the application for Shortcode 79545 from January 1, 2008, to present.

(#17-2 Exhibit B).

    Defendant asserts that these requests are overly burdensome, because they seek information about time periods and text messages that are not relevant to this lawsuit. (#17). It argues that the subpoenas are "fishing expeditions for [p]laintiff's counsel to identify potential class plaintiffs, not for this case, but for other cases that [p]laintiff's counsel might want to bring against other defendants." *Id.*

    With regard to the first request of BinBit, the plaintiff has limited its request to those messages

1  using the short code "79545" and containing the term "Quepasa." (#17-1 Exhibit A). Therefore, this
2  information directly relates to the complaint in this case, and is relevant. Further, the portion of that
3  request seeking the telephone numbers of those who received the text messages, relates to the identities
4  of the purported class members in this case, and are therefore relevant. In the second request, plaintiff
5  again limits its inquiry to documents referencing the defendant in this case, Quepasa. *Id.* Thus, this
6  information is relevant. In the third request, plaintiff is seeking documents relating to others that BinBit
7  contracted with to send text messages using the short code "79545." *Id.* This information relating to
8  who utilized this short code is not only relevant in determining who the appropriate defendant in this
9  case would be, but is also essential to Quepasa's defense that it never utilized such a code. In Neustar's
10 subpoena, plaintiff once again requests documents relating to the short code "79545." As with the
11 previous requests, this information is relevant in determining whether defendant Quepasa ever used the
12 short code.

13 Thus, the court finds that each of plaintiff's requests is relevant to the issue before the court and
14 is not overly burdensome. In light of the court's ruling, defendant's request for sanctions is not
15 warranted.

16 Accordingly, and for good cause shown,

17 IT IS ORDERED that defendant Quepasa Corporation's Emergency Motion To Quash
18 Subpoena Issued By Plaintiff To Non-Parties BinBit, Inc. And Neustar, Inc. (#17) is denied.

19 DATED this 22nd day of September, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**